DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 3:17-cr-0019 |
| GERMAINE HALL, | ) ) ) |
| Defendant. | ) ) |

ORDER

**BEFORE THE COURT** is the motion of Germaine Hall ("Hall") for compassionate release (ECF No. 447). For the reasons stated below, the Court will provisionally appoint counsel pending the filing by Hall of financial information that demonstrates his indigence.

On September 8, 2020, Hall filed a *pro* se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 447). In his motion, Hall asserts that he suffers from "obesity, immune system deficiencies from smoking, and shortness of breath." *Id.* at 1. Hall argues that these are conditions that puts his life at risk from infection by COVID-19. He further argues that this increased risk presents an extraordinary and compelling reason to warrant relief under 18 U.S.C. § 3582(c)(1)(A).

Although Hall has previously been represented by retained counsel, he has filed this motion *pro se*, noting that he received assistance from a fellow inmate and is not capable of representing himself. (E.C.F. No. 447, at 13, n.1).

The Court must consider several factors in determining whether or not to appoint counsel. *See Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir. 1993) (outlining a non-exhaustive list of factors a court should consider when exercising its discretion to appoint counsel); *cf. United States v. Gibbs*, 787 F. App'x 71, 72 (3d Cir. 2019) (applying *Tabron* to a motion for appointment of counsel in the context of a request for relief under the First Step Act). The Criminal Justice Act provides that, "[i]f at any stage of the [criminal] proceedings, . . . the court finds that the person is financially unable to pay counsel whom he had retained, it may appoint counsel as provided in subsection (b) and authorize payment as provided in subsection (d), as the interests of justice may dictate." 18 U.S.C.A. § 3006A(c). Significantly, any stage of the proceedings "include[s] ancillary matters appropriate to the proceedings." *Id.*

*United States v. Hall*
Case No. 3:17-cr-0019
Order
Page 2 of 2

For the Court to consider appointing counsel to represent Hall in this motion, Hall must demonstrate his indigence. As such, the Court will appoint counsel upon the submission of financial information demonstrating Hall's indigence. Hall may do so by filing form CJA 23 Financial Affidavit and a certified copy (i.e., signed by the appropriate institutional officer) of his inmate trust account for the six-month period immediately preceding the filing of his Section 3582 motion for compassionate release.

The premises considered, it is hereby

**ORDERED** that, if Hall seeks to proceed as an indigent, he shall file a form CJA 23 Financial Affidavit and a certified copy (i.e., signed by the appropriate institutional officer) of his inmate trust account for the six-month period immediately preceding the filing of his Section 3582 motion.

**Dated:** October 2, 2020 				*/s/ Robert A. Molloy*
							ROBERT A. MOLLOY
							District Judge